UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH A. MITCHELL,

        Plaintiff,

vs.

        Case No. 21-CV-10094

        HON. GEORGE CARAM STEEH
        MAG. JUDGE DAVID R. GRAND

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF No. 21), DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 17) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 19)

Plaintiff Keith Austin Mitchell challenges defendant Commissioner of Social Security's denial of his application for Supplemental Security Income ("SSI") and Disabled Adult Child ("DAC") benefits under the Social Security Act ("Act"). Both parties filed motions for summary judgment, which were referred to the magistrate judge for a Report and Recommendation ("R&R"). On August 5, 2022, Magistrate Judge Grand issued his R&R (ECF No. 21) finding that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Mitchell is not disabled under the Act. The R&R recommends that defendant's motion for summary judgment

(ECF No. 19) be granted, plaintiff's motion for summary judgment (ECF No. 17) be denied, and the ALJ's decision be affirmed.  The court has reviewed the file, record, magistrate judge's R&R, as well as plaintiff's timely objections and defendant's response.  For the reasons set forth below, the court accepts and adopts the R&R.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

ANALYSIS

Plaintiff's objections include some arguments that are not appropriate for review. This includes where plaintiff criticizes the ALJ's decision, as opposed to the specific findings by the magistrate judge. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). So too, the court will not review arguments, previously presented to the magistrate judge, that fail to identify the specific errors in the R&R, *See, e.g., Combs v. Comm'r of Soc. Sec.*, No. 18-10930, 2019 WL 1253423, at *3 (E.D. Mich. Mar. 19, 2019). Finally, the court will not address arguments made for the first time in plaintiff's objections. *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1025 (E.D. Mich. 2011).

I.   Objection No. 1

The first objection relates to the magistrate judge's treatment of a medical article from the National Institute of Health that was attached to plaintiff's initial brief. Plaintiff objects to the statement that "the article actually works against [Plaintiff], as it provides, for example, that [syncope] is a benign condition characterized by *a self-limited episode* of systemic hypotension" (ECF No. 21, PageID.584 (emphasis in original)). Plaintiff's objection is even though a condition may be medically benign, that does not establish the condition is vocationally benign. It is plaintiff's burden to establish that the syncope symptoms in his case caused vocational

limitations beyond what the ALJ included in his Residual Functional Capacity ("RFC") findings. The R&R discusses plaintiff's evidence at length and concludes that plaintiff failed to sustain his burden.

The court overrules plaintiff's first objection.

II.     Objection No. 2

Plaintiff's second objection is that the magistrate judge "noted that the ALJ found that the Plaintiff's statements regarding his condition are not entirely consistent with the medical evidence" without pointing to any inconsistency (ECF No. 22, PageID.597). However, the magistrate judge explained, "a review of the ALJ's decision clearly reflects that the ALJ considered the record evidence concerning [Plaintiff's] neurocardiogenic syncope and reasonably found that such condition caused no more than minimal limitations in [Plaintiff's] ability to do basic work activities" (ECF No. 21, PageID.585). The magistrate judge spends several pages of the R&R addressing the evidence and the ALJ's consideration and treatment of such evidence. (ECF No. 21, PageID.585-88). Plaintiff's objection is more focused on the ALJ's conclusions and does not challenge the magistrate judge's thorough explanation. Therefore, the court overrules plaintiff's second objection.

III.    Objection No. 3

Plaintiff's next objection is that the magistrate judge improperly relied on the opinion of plaintiff's psychologist, Dr. Csokasy, for the opinion that the medical record supports a medium residual functional capacity. Plaintiff is correct that this is what appears in the R&R (ECF No. 21, PageID.587). However, the Disability Determination Explanation correctly identifies the State agency physician Robin Mika DO as the expert who concluded that the evidence supported physical restrictions to medium work with limits for heights and other hazards (ECF No. 15, PageID.115). Recognizing that the magistrate judge made a scrivener's error, the court overrules plaintiff's third objection.

IV.    Objection No. 4

Plaintiff's final objection is that Judge Grand improperly "suggested that the Plaintiff did not refer to objective evidence which would prove the existence of migraines and the functional limitations resulting therefrom" (ECF No. 22, PageID.598, referring to ECF No. 21, PageID.591). Plaintiff's objection is that his migraine headaches limit his ability to perform work-related activities, that such was the conclusion of the ALJ, yet they were not accounted for in the RFC. However, in footnote 9, the magistrate judge outlines the record evidence that supports the reasonable inference that

the ALJ did not find plaintiff's migraines to be of a severity to require additional functional limitations (ECF No. 21, PageID.591). As the magistrate judge concluded, "[plaintiff] cannot meet his burden by merely asking the Court to assume that, because his migraines were considered 'severe' impairments, the ALJ's RFC was insufficient to 'allow [him] to continue working during migraine activity.'" Id. (citations omitted). The court overrules plaintiff's fourth objection.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's R&R (ECF No. 21).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (ECF No. 19) is GRANTED, plaintiff's motion for summary judgment (ECF No. 17) is DENIED, and plaintiff's objections (ECF No. 22) are OVERRULED.

Dated:  September 9, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk